OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 It was error to have admitted, over timely and specific objection, the testimony of the victim’s companion explicitly bolstering, and the testimony of two police officers implicitly bolstering, the victim’s identification of defendant (People
 
 v Trowbridge,
 
 305 NY 471). The People, acknowledging the error, argue that defendant’s conviction should be affirmed inasmuch as the error was harmless. We agree.
 

 Harmless error analysis proceeds in two stages. First, “unless the proof of the defendant’s guilt, without reference to the error, is overwhelming, there is no occasion for consideration of any doctrine of harmless error”
 
 (People v Crimmins,
 
 36 NY2d 230, 241). Second, as to nonconstitutional error — and the admission of bolstering testimony comes within this classification — for the error to be harmless the appellate court must conclude “that there is [no] significant probability * * * in the particular case that the jury would have acquitted the defendant had it not been for the error or errors which occurred”
 
 (People v Crimmins,
 
 36 NY2d 230, 242,
 
 supra;
 
 accord
 
 People v Mobley,
 
 56 NY2d 584).
 

 In the present case we conclude that the requirements at both stages have been met. We recognize that the only direct evidence connecting defendant to the commission of the crimes charged was the identification testimony of the victim. Although such a single strand might be insufficient in some instances, in this case the victim’s identification was unusually credit-worthy. She first saw her attacker in the street under what she described as “bright” lighting conditions. Then, after she had been dragged into the vestibule of the nearby building where she was sexually assaulted, the light in the vestibule, provided by a fluorescent bulb, was “very good”. The assailant was facing her and she looked into his face. She had opportunities to
 
 *971
 
 observe him over a period of 15 or 20 minutes, while he and his two companions were sexually brutalizing her.
 

 Twenty minutes later she was in the radio patrol car when the police apprehended defendant a block away from the scene of the crimes. Her identification of him was not impulsive. When the police officer first asked her to identify him she did not do so. It was only after he turned around and she got a good look at his face that she volunteered the unhesitating and unequivocal identification. There were some discrepancies in her description of the clothing of her attacker and the clothing worn by defendant when he was arrested, but they were not remarkable; if anything, they perhaps served to negative any inference that the victim’s description was designedly fabricated on a
 
 post hoc ergo propter hoc
 
 basis. In sum, the victim’s testimony must be characterized as solidly credible.
 

 Such unequivocal identification, coupled with the fact that no evidence was introduced either to controvert or to explain defendant’s presence in the area in the early morning hours warrants our conclusion that the evidence of his guilt in this record was overwhelming.
 

 Turning then to the second inquiry — is there a significant probability that the jury would have acquitted defendant had it not been for the explicit and implicit bolstering testimony — we answer in the negative. Although the bolstering testimony must be so classified, it confirmed only the bald fact of the identification. It went into no particulars of such identification or the means by which the victim reached her conclusion. Beyond the fact that she did identify him, there was nothing to shore up the reliability or probative worth of her identification. Unquestionably defendant had been identified; the erroneously admitted bolstering testimony went no further than to corroborate that uncontroverted fact.
 

 For the reasons stated we conclude that, although the admission of the bolstering testimony was error, the error was harmless when measured against our standard for nonconstitutional error.
 

 
 *972
 
 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.