■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. ASQUINO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), convicting him of attempted robbery in the first degree (three counts), and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Ain, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

It was error for the Hearing Judge not to decide whether probable cause existed for the defendant's arrest, since the defendant's omnibus motion papers clearly raised the issue, the prosecutor elicited some testimony concerning the issue at the hearing, defense counsel was permitted to explore the issue with the knowledge and apparent acquiescence of both the Hearing Judge and the prosecutor without objection by either, and both counsel argued the issue in their closing arguments *(see, People v Martinez,* 111 AD2d 30; *People v Jenkins,* 73 AD2d 694). However, we have reviewed the evidence presented at the hearing, and conclude that the police possessed probable cause to arrest the defendant and place him in the lineup.

Although the trial court improperly allowed certain testimony to be admitted during the trial, these errors are either unpreserved for review, or harmless in light of the overwhelming proof of the defendant's guilt. While no alibi charge was given to the jury, this issue is not preserved for our review as defense counsel neither requested such a charge nor objected to the lack thereof. We decline to reach this issue in the interest of justice as the trial court's instructions, when taken as a whole, properly instructed the jury that the People

bore the burden of proof as to the complicity of the defendant in the charged crimes *(see, People v Perez,* 127 AD2d 707). Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.