■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NUE KOLA, Appellant.—Judgment of Supreme Court, New York County (Clifford A. Scott, J.), rendered December 3, 1985, convicting defendant, after a jury trial, of one count of conspiracy in the second degree and sentencing him to an indeterminate term of 8⅓ to 25 years in prison, unanimously affirmed.

Defendant and a codefendant, one Anthony Tom, were tried for their part in a conspiracy to sell between 15 and 20 kilograms of heroin to an undercover Drug Enforcement

Administration agent. The original indictment alleged seven overt acts by various members of the conspiracy, some of which were alleged to have been committed by defendant and/ or his codefendant. The People chose not to prove two of these seven overt acts during the first trial of the defendant and codefendant which ended in a mistrial because the jury could not reach a verdict. The indictment was not formally amended, and no order was entered dismissing or severing the two overt acts which the People chose not to prove. The only indication on the indictment itself was the fact that there were brackets drawn around the two overt acts in question, and the other enumerated acts were renumbered.

At the second trial which resulted in the judgment appealed, the People offered no proof and did not argue with respect to the two overt acts which were left out of the first trial. However, defense counsel referred to the evidence upon which the acts were based as part of his defense strategy.

The court at trial charged the jury on all seven overt acts contained in the indictment. While no specific or formal objection was made, both the People and defense counsel reminded the trial court that the acts had been left out by the People. On appeal, appellant equates the redacted overt acts alleged to counts of an indictment which were dismissed or as to which defendant was acquitted, and argues that the court's inclusion of those acts in its charge mandates reversal.

Proof of an overt act committed by one of the members of an alleged conspiracy is an element of the crime of conspiracy, and as such, is not comparable to a count of an indictment. (Penal Law § 105.20.) More than one overt act may be, and is usually alleged to fulfill this element of proof. Herein, the two overt acts in question were voluntarily not made part of the People's proof at either trial. However, they were not formally removed from the case by amendment of the indictment or judicial action. Further, the evidence upon which the alleged overt acts were based was placed before the jury and relied upon by the defense as part of its trial strategy. Therefore, while the court's charging of the overt acts was not the better practice under the circumstances, it was based upon the indictment and the evidence and was not technically erroneous. In any event it is clear that there is no significant probability that the jury would have acquitted the defendant had the two overt acts in question not been charged. Therefore even if the charge was error it was harmless error. (People v Johnson, 57 NY2d 969, 970 [1982].)

Defendant's sentence does not appear so unduly harsh as to

constitute an abuse of discretion when the volume of drugs and defendant's role in the conspiracy are considered. Concur —Murphy, P. J., Kassal, Wallach and Smith, JJ.