■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VEAL, Appellant.—

The defendant's conviction was primarily based upon the testimony of the complainant, who had purportedly observed the defendant for a total of about three minutes prior to and during the late-night gunpoint robbery of the complainant's cab and his money. Thirteen days after the robbery, the defendant was arrested immediately after the complainant identified him in a lineup.

We agree with the defendant that he was deprived of a fair trial by various errors that occurred during the pretrial and trial proceedings. First, we find that the defendant's motion, made in a timely fashion, to reopen the *Wade* hearing should have been granted. Under the circumstances herein, the defendant was entitled to recall the complainant to testify concerning the circumstances surrounding his presence in the parking lot across the street from the police precinct when the defendant was brought into the precinct in handcuffs for the lineup, and whether he saw the defendant at that time *(see, People v Davis,* 100 AD2d 518; *People v Martin,* 35 AD2d 786).

At the trial, while the complainant testified to his lineup identification of the defendant, the arresting officer was also permitted to testify, over the defendant's objection, that at the lineup, the complainant was asked a series of questions; to wit, whether he recognized anyone, what number the person he recognized was holding, and from where he had recognized the person. While the police officer did not reveal the answers given by the complainant, he testified over the defendant's objection, that at the end of the lineup, after the complainant answered the questions, the defendant was arrested. The officer's testimony implicitly bolstered the complainant's testimony in violation of the rule enunciated in *People v Trowbridge* (305 NY 471) since it could "have been understood by the jury only as official confirmation of [the complainant's] identification of [the] defendant" *(People v Hall,* 82 AD2d 838, 839; *see, People v Holt,* 67 NY2d 819, 821; *People v Bannerman,* 110 AD2d 706; *cf., People v Poindexter,* 138 AD2d 418). Moreover, this preserved error cannot be deemed harmless since the evidence of identity was not "so strong that there

[was] no serious issue upon the point" *(People v Caserta,* 19 NY2d 18, 21; *see, People v Blue,* 155 AD2d 472; *cf., People v Johnson,* 57 NY2d 969). In addition, the trial court improvidently exercised its discretion by permitting the arresting officer to testify, over the defendant's objection, concerning his knowledge and experience relating to the removeability of a gold cap on a tooth *(see, e.g., People v Ciaccio,* 47 NY2d 431, 439).

Since there must be a reversal of the judgment of conviction and there may be a new trial, we find it appropriate to address certain further contentions raised by the defendant. First, the trial court did not improvidently exercise its discretion by precluding the defendant from providing a voice exemplar to establish that he had a southern drawl rather than a Jamaican accent *(see, People v Scarola,* 71 NY2d 769, 777). While the complainant indicated that his assailant had a Jamaican accent, the complainant's identification of the defendant was not based upon his voice; and there was a possibility that the Jamaican accent could be faked. Second, the People did not commit a *Rosario* violation *(see, People v Rosario,* 9 NY2d 286) by failing to provide the defense counsel with a copy of certain parole reports prepared by the defendant's former parole officer who was called as a prosecution witness. Upon the defendant's motion to disqualify this witness, the People indicated that the witness's testimony would relate solely to the defendant's appearance at the times she saw him, and that no mention of her relationship with the defendant would be revealed. Thus, the People were not required to produce the witness's parole reports, which did not constitute statements relating to the subject matter of her testimony. Third, we note that the trial court should have entertained the defense counsel's request to charge, and any discussions on the law, as well as rendered its decisions thereon outside of the presence of the jury *(see, People v Muniz,* 62 AD2d 1025). We need not address the other contentions raised by the defendant.

Accordingly, the judgment is reversed and a new trial is ordered. Prior to any retrial, the defendant, if he be so advised, may move to reopen the *Wade* hearing regarding that branch of his omnibus motion which was to suppress the complainant's out-of-court and in-court identification testimony. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.