■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CHEESEBORO, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered September 16, 1988, which convicted defendant, after a jury trial, of sodomy in the first degree, assault in the first degree and burglary in the first degree and sentenced him to 8⅓ to 25 years on the sodomy count to run consecutively to a sentence of 5 to 15 years on the assault count, both of these to run concurrently with a term of 8⅓ to 25 years on the burglary account, unanimously affirmed.

The admission of testimony concerning an assault committed earlier in the day by defendant against the victim of the assault charged in the indictment does not warrant reversal. The general rule is that evidence of prior uncharged crimes may not be offered to show defendant's bad character or propensity towards crime, but may be admitted if the acts help establish some element of the crime under consideration,

or are relevant because of some recognized exception to the general rule. *(People v Lewis,* 69 NY2d 321, 325.) In the present case, while the challenged testimony does not fit squarely into any exception to the general rule, it did provide some necessary background, and helped to establish the element of intent with respect to the assault. Furthermore, given the overwhelming evidence of defendant's guilt, it cannot be said that the outcome of the trial would have been different if the testimony had not been allowed. *(People v Johnson,* 57 NY2d 969, 970.) The statements made by the prosecutor on summation were not so untoward as to warrant reversal. *(Cf., People v Dowdell,* 88 AD2d 239.) The sentence imposed constituted a proper exercise of discretion given the nature of the crimes. Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.