■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE DAVIS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The jury convicted defendant of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). The arresting police officer testified that, when he arrived at the scene of the one-car accident, defendant, who was standing outside of the vehicle, proclaimed that he "was not the driver of the car". The officer also testified, however, that no other person was at or near the scene and that a few

minutes before the accident he had observed defendant driving the vehicle.

Robert Ralph, Jr. was called as a witness for the defense and testified that he was driving the vehicle at the time of the accident and for a long period of time prior to the accident. Over repeated objections by defendant's counsel, the trial court permitted the prosecutor to cross-examine Ralph about his failure to have contacted the police or otherwise to have reported his involvement in the accident at an earlier time.

In rejecting defense counsel's objections, the court ruled that the Vehicle and Traffic Law imposes a duty on the operator of a motor vehicle to report an accident to the authorities. In the circumstances presented, that ruling was erroneous. The duty to report an accident arises only where there is proof of physical injury or damage to property in excess of $600 as a result of the accident (Vehicle and Traffic Law § 600 [2] [a]; § 605 [a]). There was no proof of either in this case. Nevertheless, the cross-examination would have been permissible if the prosecutor had established: "that the witness was aware of the nature of the charges pending against the defendant, had reason to recognize that he possessed exculpatory information, had a reasonable motive for acting to exonerate the defendant and, finally, was familiar with the means to make such information available to law enforcement authorities." *(People v Dawson,* 50 NY2d 311, 321, n 4.) Of those four foundational requirements, the prosecutor established only that Ralph and defendant were friends, thus providing a motive for Ralph's acting to exonerate defendant. The record contains no evidence to establish the other elements required under *People v Dawson (supra).* Accordingly, the court erred in permitting the cross-examination.

Since we cannot say that the proof of defendant's guilt is overwhelming, there is no occasion for consideration of the doctrine of harmless error *(see, People v Johnson,* 57 NY2d 969, 970; *People v Crimmins,* 36 NY2d 230, 241). A reversal is required. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Felony Driving While Intoxicated.) Present —Dillon, P. J., Denman, Balio, Lawton and Lowery, JJ.