■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK WEST, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered March 24, 1988, by which defendant was convicted, after a jury trial, of murder in the second degree, and sentenced to an indeterminate term of from 25 years to life in prison, unanimously affirmed.

Three witnesses, each of whom was well acquainted with the defendant and knew him by his nickname "Apache", testified that they saw the defendant shoot the deceased, Ronald Hicks, in the head with a shotgun. The shooting occurred in a park adjacent to the men's shelter located at 8 East Third Street. One of these witnesses identified a shotgun recovered from an apartment frequented by defendant.

While the prosecutor's statement that a trial is a search for the truth has been condemned as diminishing the People's burden of proof (People v Rivera, 116 AD2d 371, 375-376), defense counsel failed to object to the remark, and thus any claim related to it was not preserved for appellate review as a matter of law. (CPL 470.05 [2].)

While some of the prosecutor's other remarks may have strained the bounds of legitimate advocacy and to that extent have been improper, the summation viewed as a whole (People v Galloway, 54 NY2d 396, 399) does not warrant reversal. There was overwhelming evidence of defendant's guilt. Thus error, if any, was harmless, as there was no significant probability that the defendant would have been acquitted had the remarks not been made (People v Johnson, 57 NY2d 969). Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.