■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CLARENCE WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered March 28, 1989, convicting him of murder in the second degree, attempted murder in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that the court committed error when it failed to give an alibi charge. However, this issue is not preserved for appellate review, as defense counsel neither requested such a charge nor objected to the lack thereof (see, People v Asquino, 128 AD2d 792). We decline to reach this issue in the exercise of our interest of justice jurisdiction since the focus of the asserted defense in this case was not an alibi but rather misidentification, and "the trial court's instructions, when taken as a whole, properly instructed the jury that the People bore the burden of proof as to the complicity of the defendant in the charged crimes" (People v Asquino, supra, at 792-793; People v Howard, 153 AD2d 903).

In his supplemental pro se brief, the defendant further argues that a detective who testified for the People improperly bolstered the identification testimony of two eyewitnesses to the crime (see, People v Trowbridge, 305 NY 471; People v Veal, 158 AD2d 633). However, this claim of improper bolstering is not preserved for appellate review, since no objection was raised to the allegedly improper testimony (see, CPL 470.05 [2]; People v Brown, 161 AD2d 778). In any event, any error in this regard was harmless in view of the overwhelming evidence of guilt, including "clear and strong proof of the defendant's identity as the perpetrator" (People v Ray, 127 AD2d 859).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Flowers, 150 AD2d 721; People v Bradley, 154 AD2d 609, 610; People v Gissendanner, 48 NY2d 543, 552; People v Oliver, 108 AD2d 879, 880; People v Booker, 158 AD2d 700, 701; People v Suitte, 90 AD2d 80). Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.