■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RYER, Appellant.—Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered August 21, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 8 to 16 years, unanimously affirmed.

There is no merit to defendant's contention that he was denied effective assistance of counsel. The record shows that where intervention was called for to protect defendant from overreaching by the prosecutor, the court took prompt, appropriate action, issuing curative instructions and admonishments that could not have been any stronger or more helpful to defendant than if counsel had initiated a protest at each instance that the court interceded. Defendant also argues that counsel should have objected to testimony that served to inferentially bolster the identification evidence and requested a charge on identification. However, since the credibility of the police witnesses, not the reliability of their identification testimony was the issue framed by the defense, the absence of an expanded charge on identification and the harmless intro-

duction of evidence that could have been excluded upon proper objection *(People v Johnson,* 57 NY2d 969, 971) do not serve to establish that counsel was ineffective.

The trial court's *Sandoval* ruling was not an abuse of discretion. Defendant's lengthy criminal record shows a willingness to advance his own interests at the expense of society, and, as such, went to the heart of his credibility *(People v Sandoval,* 34 NY2d 371, 377). Accordingly, it was appropriate to permit cross-examination on a representative sample of defendant's past convictions.

While it would have been better had the court not made the scope of its *Sandoval* ruling dependent on the nature of the defense presented at trial *(supra,* at 373), defendant did not object to the court's ruling and did not demonstrate that he was prejudiced thereby.

We have considered defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.