■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK WEST, Appellant.—Judgment of the Supreme Court, New York County (Allen Alpert, J.), rendered March 24, 1988, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of from 25 years to life, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

On a prior appeal *(People v West,* 176 AD2d 480), we upheld defendant's conviction for shooting one Ronald Hicks in the head with a shotgun, killing him. However, we subsequently vacated that decision and remanded the matter for a hearing to decide if material withheld from the defense was relevant to the testimony given by an investigating officer at trial (178 AD2d 291).

Upon this appeal, we reverse the judgment of conviction on the authority of *People v Young* (79 NY2d 365). The failure of the People to provide defendant with a copy of an unusual occurrence report addendum, the same document withheld in *Young (supra),* constitutes reversible error. In view of the reference in the addendum to details and facts not present in the unusual occurrence report given to the defense, the withheld document cannot be considered the "duplicative equivalent" of material turned over to the defense *(People v Young, supra,* at 369-370). The information was therefore relevant to the cross-examination of the police officer, and the failure to provide it to the defense mandates a reversal of the conviction *(People v Jones,* 70 NY2d 547, 550; *People v Rosario,* 9 NY2d 286, 289). Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.