■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HENRY, Appellant. [604 NYS2d 877] —Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court committed reversible error in failing to give an alibi charge. That issue, however, has not been preserved for our review because defendant neither requested an alibi charge nor objected to the court's failure to give that charge *(see, People v Perez,* 184 AD2d 665, 666, *lv denied* 80 NY2d 932; *People v Washington,* 176 AD2d 769, 770, *lv denied* 79 NY2d 833; *People v Howell,* 174 AD2d 356, *lv denied* 78 NY2d 1012), and we decline to exercise our discretionary review powers *(see,* CPL 470.15 [6] [a]).

Further, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality, disclose that defendant was provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Rivera,* 71 NY2d 705).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct because no objection was raised to the alleged improprieties *(see, People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895). In any event, the alleged instances of prosecutorial misconduct were not so flagrant that defendant was deprived of a fair trial *(see, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). A review of the record satisfies us that reversal is not warranted. (Appeal from Judgment of Livingston County Court, Houston, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.