■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EDWARD PITTS, Appellant. [612 NYS2d 827] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered October 23, 1991, convicting defendant, after jury trial, of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

We reject defendant's claim that the People failed to satisfactorily disprove his justification defense as we did with respect to the same contention raised on the appeal of codefendant Dejuan Wynn *(People v Wynn,* 198 AD2d 136). The jury's determinations of fact and credibility, not unreasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant failed to object to testimony indicating that defendant was observed in the early morning hours of the day in question waving a gun while threatening the life of a member of the victim's family, and thus failed to preserve his claim of error for appellate review as a matter of law (CPL 470.05). In any event, the testimony in question served to provide necessary background regarding defendant's intent to join in the codefendant's threats communicated to the victim's family members, and thus to explain the chain of events leading up to the shooting. In these circumstances, the probative value of this testimony far outweighed any prejudice to defendant *(see, People v Cheeseboro,* 162 AD2d 286, *lv denied* 76 NY2d 939). Additionally, the trial court explicitly charged the jury that the evidence was admitted solely for background purposes, subject to their credibility determinations, and was in no way proof of a propensity for criminal conduct. It is presumed that the jury understood and followed the court's instructions *(see, People v Davis,* 58 NY2d 1102, 1104).

We perceive no abuse of discretion in sentencing. Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.