■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WHITE, Appellant. [619 NYS2d 969] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered October 28, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the detective who conducted the lineup procedure was improperly permitted to inferentially bolster the identification testimony of the complaining witness *(see, People v Trowbridge,* 305 NY 471; *People v Bryan,* 179 AD2d 667; *People v Veal,* 158 AD2d 633). However, this claim has not been preserved for appellate review, because no objection was raised to the allegedly improper testimony *(see,* CPL 470.05 [2]; *People v Washington,* 176 AD2d 769). In any event, any error in this regard which may have occurred is rendered harmless by the strength of the complainant's identification testimony, which constituted overwhelming evidence of the defendant's guilt and precluded any significant probability that the jury would have acquitted the defendant in the absence of the error *(see, People v Johnson,* 57 NY2d 969; *People v Bryan, supra; People v Washington, supra; People v Ray,* 127 AD2d 859).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit *(see, People v Suitte,* 90 AD2d 80). Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.