■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL KELLOGG, Appellant. [636 NYS2d 7] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered August 25, 1994, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of $2^1/_3$ to 7 years, unanimously affirmed. ·

The trial court's *Sandoval* ruling permitting inquiry only as

to the fact and date of one of defendant's two prior convictions was an appropriate exercise of discretion (*People v Bennette*, 56 NY2d 142, 146).

The trial court also appropriately exercised its discretion in permitting the People to establish that during the month prior to the incident herein, defendant entered the store premises on various occasions and engaged in antisocial acts, and that as a result, security personnel advised defendant that he would be arrested if he returned to the store. This evidence was relevant background information explaining the actions of the security personnel that led eventually to the charged assault, a disputed issue in that defendant contended that he acted defensively when accosted by store security personnel for no apparent reason (*see, People v DeFairia*, 186 AD2d 366, *lv denied* 81 NY2d 761). The trial court properly determined that the probative value of the evidence outweighed any possible prejudice to defendant (*see, People v Cheeseboro*, 162 AD2d 286, *lv denied* 76 NY2d 939).

When defendant unexpectedly volunteered on cross-examination the fact of a prior assault conviction that had been precluded by the *Sandoval* ruling, the trial court appropriately exercised its discretion in denying defendant's motion for a mistrial.

Defendant's additional claims of error are unpreserved and without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.