■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DAVID, Appellant. [663 NYS2d 78] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered May 20, 1996, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant that the trial court erred in allowing testimony regarding his statement to the police that he had stolen food from a Waldbaum's store and sold it to a restaurant called Lindy House. That testimony concerning an

unrelated crime was not probative of either the defendant's intent or motive to commit the charged offense (*see, People v Alvino*, 71 NY2d 233; *People v Ventimiglia*, 52 NY2d 350). However, the error does not warrant reversal in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins*, 36 NY2d 230). Given the strong identification testimony adduced at trial, there was no significant probability that the defendant would have been acquitted absent the improper testimony (*see, People v Johnson*, 57 NY2d 969).

Contrary to the defendant's contention, the trial court was correct in denying his request for a missing-witness charge. In light of the testimony of two police officers that the search by the canine unit produced no results, any testimony from the canine officer merely would have been cumulative (*see, People v Gonzalez*, 68 NY2d 424, 428).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.