■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ANDERSON, Appellant. [689 NYS2d 153] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered April 9, 1996, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sampson, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying his motion to suppress the showup identifications made two days after the robberies. We disagree. Since both complain-

ants spontaneously recognized the defendant on the street before notifying the police, the identifications made a few minutes later when the police arrived were merely confirmatory (*see, People v Bazelias,* 220 AD2d 443; *People v Coleman,* 214 AD2d 619; *People v Mack,* 203 AD2d 131, 132; *People v Sanford,* 184 AD2d 671).

The defendant's contention that the testimony of the arresting officer constituted improper bolstering in violation of *People v Trowbridge* (305 NY 471) is unpreserved for appellate review since defense counsel made no objection to this testimony at trial (CPL 470.05 [2]; *People v Higgins,* 216 AD2d 487, 488; *People v White,* 210 AD2d 271; *People v Tinsley,* 159 AD2d 602). In any event, any inferential bolstering which may have occurred is harmless since the strong and positive identification testimony in this case precludes any significant probability that the jury would have acquitted the defendant had it not been for the error (*see, People v Johnson,* 57 NY2d 969; *People v Padilla,* 219 AD2d 688, 689; *People v White, supra; People v Gordillo,* 191 AD2d 455). S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.