■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BLUE, Appellant. [742 NYS2d 852] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered September 6, 2000, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in denying his motion for a mistrial after a police officer testified on cross-examination that he had obtained a photograph of the defendant prior to his arrest. The defendant's claim that this testimony amounted to improper bolstering of the undercover officer's identification of the defendant in violation of *People v Trowbridge* (305 NY 471), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Anderson*, 260 AD2d 387; *People v Higgins*, 216 AD2d 487). In any event, the claim is without merit, as there was no testimony by the officer that a witness used the photograph to identify the defendant on a prior occasion (*cf. People v Trowbridge, supra; People v Holt*, 67 NY2d 819).

The defendant's claim that the court improperly denied his request for an agency defense charge is also unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this claim is also without merit, as no reasonable view of the evidence supported the theory that the defendant was acting solely on behalf of the undercover officer (*see People v Herring,* 83 NY2d 780).

The defendant's remaining contentions are without merit. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.