■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN BACENET, Appellant. [748 NYS2d 28]

On January 4, 1999, at approximately 3:50 P.M., the complainant was robbed at knifepoint by two men as she walked home from the school where she was employed as a teacher. On January 19, 1999, she identified photographs of the defendant and his codefendant as her assailants from a series of computer-generated arrays shown to her by the police. She also identified each defendant in subsequent, separate lineups. As she identified the photograph of the defendant, which had been taken on January 6, 1999, two days after the robbery, the complainant commented that the defendant's appearance differed from his appearance on the day of the robbery in that he had a mustache and a goatee in the photograph. She previously had described the robber identified as the defendant as being, inter alia, clean shaven.

The defendant and his codefendant were tried jointly. At trial, the codefendant presented an alibi defense, with his two employers testifying that he was at work at the time of the robbery. He was acquitted of all charges. The defendant presented no witnesses but sought to defend on the basis of mistaken identification. The complainant testified that her assailant had no mustache, beard, stubble, goatee, or chin hair. Because the defendant's appearance in the photograph from which he was identified differed from the initial description

given by the complainant to the police, and there was no other evidence connecting the defendant to the crime, the issue at trial was the accuracy of the complainant's eyewitness testimony.

Based upon the record herein, in our view, it was reversible error for the prosecutor to elicit testimony that the police detective who conducted the defendant's lineup asked the complainant whether she recognized anyone, what number she recognized, and from where she recognized him. Although no responses were recited, the detective added that after the complainant answered his questions without any hesitation, he completed the processing of the defendant's arrest. "The officer's testimony implicitly bolstered the complainant's testimony * * * since it could 'have been understood by the jury only as official confirmation of [the complainant's] identification of [the] defendant' " (*People v Veal,* 158 AD2d 633, 634, quoting *People v Hall,* 82 AD2d 838, 839). The detective's description of the defendant's photograph selected from the array as an arrest photograph only compounded the error (*see People v Cuiman,* 229 AD2d 280, 282).

A violation of the rule against bolstering may not be overlooked except "where the evidence of identity is so strong that there is no serious issue upon [that] point" (*People v Caserta,* 19 NY2d 18, 21). This is not the case here. The identification of the defendant by the complainant was the cornerstone of the People's case as there was no physical evidence connecting the defendant to the crime. Thus, the circumstances of this case compel reversal even though the defendant failed to object to the detective's testimony (*People v Hall, supra* at 839).

Moreover, the trial court failed to sufficiently guide the jury in its evaluation of the identification evidence presented during the trial. A more detailed identification charge should be delivered upon retrial (*see People v Daniels,* 88 AD2d 392). S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.