■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX FIELDS, Appellant. [766 NYS2d 365] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered January 9, 2001, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

It was reversible error for the prosecutor to elicit testimony from a detective, over the defense counsel's objection, that the detective arrested the defendant following a lineup after asking the complainant whether she recognized anyone in the lineup. The complainant testified that she identified the defendant at a lineup. The detective's testimony implicitly bolstered the complainant's testimony by providing official confirmation of the complainant's identification of the defendant (*see People v Trowbridge,* 305 NY 471 [1953]; *People v Bacenet,* 297 AD2d

817, 818 [2002]; *People v Veal,* 158 AD2d 633, 634 [1990]; *cf. People v Holt,* 67 NY2d 819, 821 [1986]; *People v Stanley,* 185 AD2d 827, 828-829 [1992]; *People v Bryan,* 179 AD2d 667, 668 [1992]). A violation of the rule against bolstering may not be overlooked except where the evidence of identity is so strong that there is no serious issue upon that point (*see People v Bacenet, supra; People v Veal, supra; cf. People v Johnson,* 57 NY2d 969 [1982]). Here, the evidence that the defendant committed the crime was not so overwhelming as to render the error harmless. Smith, J.P., Crane, Mastro and Rivera, JJ., concur.