■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIECER LEE, Appellant. [801 NYS2d 753]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered November 21, 2002, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant has not preserved for appellate review his contentions that the prosecutor improperly elicited testimony from a detective stating that he arrested the defendant immediately after the defendant was identified in a lineup by the

complainant, and improperly asked the complainant whether he recognized the defendant in a lineup. However, we nevertheless review these contentions in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *see also People v Pagan,* 2 AD3d 879, 880 [2003]).

The detective's testimony implicitly bolstered the complainant's testimony by providing official confirmation of the complainant's identification of the defendant (*see People v Trowbridge,* 305 NY 471 [1953]; *People v Fields,* 309 AD2d 945 [2003] and cases cited therein). A violation of the rule against bolstering may not be overlooked except where the evidence of identity is so strong that there is no serious issue upon that point (*see People v Fields, supra*). Here, the evidence that the defendant committed the crime was not so overwhelming as to render the error harmless. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.