■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARRON CLARK, Appellant. [816 NYS2d 109]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered October 9, 2002, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

At trial, on the People's case, the complainant identified the defendant in court. She also testified that she had picked the defendant out of a lineup conducted by Detective Washington at the 67th Precinct.

The People next called Detective Washington to testify as part of their case. In the course of the direct examination, the Assistant District Attorney was first permitted to ask Detective Washington, "[a]fter you met with [the complainant], did you conduct any further investigation?" to which he replied "[y]es, I did." She then asked the detective "[a]nd what, if any, further investigation did you conduct?" Detective Washington replied "I investigated—I let her look at a couple of—," at which point the court stated "[c]areful." Immediately afterwards, over the defense counsel's objection, the prosecutor was permitted to ask Detective Washington if "[f]ollowing [his] investigation with [the complainant] did [he] ascertain the address of the person who robbed her," and elicit the answer "[y]es I did." Finally, Detective Washington was allowed to testify that he placed the defendant in a lineup, brought the complainant into the 67th precinct and had her view it, and that following the lineup, he arrested the defendant.

Taken together, under the unique circumstances of this one-witness identification case, this testimony impermissibly bolstered the complainant's prior testimony by providing official confirmation of her prior in-court identification of the defendant (*see People v Samuels,* 22 AD3d 507, 508 [2005]; *People v Lee,* 22 AD3d 602 [2005]; *People v Milligan,* 309 AD2d 950 [2003]; *see also People v Bryan,* 179 AD2d 667 [1992]; *cf. People v Malloy,* 11 AD3d 484 [2004]). Contrary to the People's contention, any error was not harmless in this instance (*see People v Fields,* 309 AD2d 945 [2003]).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.