■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JONES, Appellant. [857 NYS2d 662]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered September 6, 2005, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Suffolk County, for a new trial.

The defendant's challenge to the legal sufficiency of the evidence was not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]). However, certain errors of the court necessitate reversal.

The court erred in permitting the People to introduce on rebuttal, over the defendant's objection, a statement by the defendant of which he had received insufficient notice (*see* CPL 710.30). The defendant did not open the door to questions concerning the statement by testifying, in response to cross-examination, that he had never confessed to anyone (*cf. People v Manohar,* 40 AD3d 1123, 1124 [2007]). The statement, in which the defendant admitted that he occasionally suffered memory loss due to drinking, did not qualify as a confession. Accordingly, the prosecutor's subsequent questions of the defendant regarding the statement, which laid the foundation for the statement's later admission, were improper. The prosecutor should not have been permitted to range "beyond the defendant's direct examination 'in order to lay a foundation for the tainted evidence on rebuttal' " (*People v Rahming,* 26 NY2d 411, 418 [1970], quoting *People v Miles,* 23 NY2d 527, 543 [1969], *cert denied* 395 US 948 [1969]).

The court further erred in failing to grant the defendant's motion to strike testimony concerning a witness's identification of the defendant in a photospread (*see People v Trowbridge,* 305 NY 471 [1953]). Defense counsel did not open the door to this

testimony (*cf. People v Martinez,* 1 AD3d 611 [2003]), which improperly bolstered the eyewitness identification of the defendant as the robber (*see People v Lee,* 22 AD3d 602, 603 [2005]; *People v Fields,* 309 AD2d 945 [2003]).

These errors were not harmless (*see People v Crimmins,* 36 NY2d 230, 241 [1975]). "[A] *Trowbridge* error cannot be deemed harmless unless the evidence of identity is 'so strong that there is no substantial issue on the point' " (*People v Walston,* 99 AD2d 847 [1984], quoting *People v Mobley,* 56 NY2d 584, 585 [1982]; *see People v Lee,* 22 AD3d 602 [2005]). The defense was based on mistaken identity, a theory supported by inconsistencies between the witness's description of the robber and the defendant, testimony concerning another man fleeing the scene of the robbery, and alibi testimony. As such, it cannot be said that there was no substantial issue on the point, despite the defendant's challenged and repudiated confession. Moreover, the improperly admitted statement of the defendant contributed to the prejudice caused by the improper bolstering since the robber was described by a witness as appearing drunk at the time of the robbery. Additionally, although the defendant's contention that one of the detectives gave improper opinion testimony is unpreserved for appellate review (*see* CPL 470.05 [2]), upon the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]), we find that the County Court erred in allowing such testimony because it invaded the jury's " 'exclusive province of determining an ultimate fact issue in the case' " (*People v Bajraktari,* 154 AD2d 542, 543 [1989], quoting *People v Abreu,* 114 AD2d 853, 854 [1985]). Accordingly, the combined force of these errors served to deprive the defendant of a fair trial.

In light of our determination, the defendant's challenge to the sentence imposed has been rendered academic.

The defendant's motion to dismiss the indictment pursuant to CPL 190.50 (5) (c) was properly denied as untimely.

The defendant's remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.