■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD RANKINS, Appellant. [916 NYS2d 618]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered March 12, 2008, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. Justice Covello has been substituted for the late Justice Fisher (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The complainant was assaulted by four men who followed him down a street and into a subway station. The short altercation that ensued concluded when one of the assailants, not the defendant, pulled out a knife and stabbed the complainant underneath his left arm. One week later, the complainant, who had never seen any of the men before, identified the defendant as one of the four assailants while he viewed a computer-generated photo array shown to him by the police.

At trial, on the People's case, the complainant identified the

defendant in court and also testified that he had picked the defendant out of a lineup conducted by Detective Stumpf of the New York City Police Department at the 83rd Precinct station house.

The People then called Detective Stumpf to testify as part of their case. Over objection, Detective Stumpf was permitted to testify that he "re-interviewed" the complainant one week after the incident and that, "based on" that meeting, he apprehended the defendant and placed him in a lineup at the 83rd Precinct station house. Detective Stumpf then testified that he brought the complainant to the precinct and instructed him to "view the lineup and tell me if you see anybody you recognize." Over objection, Detective Stumpf stated that he placed the defendant under arrest after the complainant viewed the lineup.

In this one-witness identification case, Detective Stumpf's testimony impermissibly bolstered the complainant's prior testimony by providing official confirmation of the complainant's in-court identification of the defendant (*see People v Clark*, 28 AD3d 785 [2006]; *People v Lee*, 22 AD3d 602 [2005]; *People v Samuels*, 22 AD3d 507 [2005]; *People v Fields*, 309 AD2d 945 [2003]; *People v Veal*, 158 AD2d 633 [1990]; *see also People v Nolasco*, 70 AD3d 972 [2010]; *People v Trott*, 46 AD3d 713 [2007]; *People v Milligan*, 309 AD2d 950 [2003]). Contrary to the People's contention, the error cannot be deemed harmless since the evidence of identity was not "so strong [so] that there [was] no serious issue upon the point" (*People v Caserta*, 19 NY2d 18, 21 [1966]; *see People v Fields*, 309 AD2d 945 [2003]; *People v Bacenet*, 297 AD2d 817 [2002]).

The defendant's remaining contentions are without merit. Mastro, J.P., Covello, Leventhal and Belen, JJ., concur.