People v Campbell (2016 NY Slip Op 05815)





People v Campbell


2016 NY Slip Op 05815


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
BETSY BARROS, JJ.


2014-06921
 (Ind. No. 13-473)

[*1]The People of the State of New York, respondent,
v Quiawon Campbell, appellant.


Benjamin Greenwald, New Windsor, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Elizabeth L. Schulz and Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered April 29, 2014, convicting him of robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to prove his guilt of robbery in the first degree and robbery in the second degree beyond a reasonable doubt is unpreserved for appellate review, as he made only a general motion to dismiss at the close of the People's case, and did not raise the specific grounds that he now raises on appeal (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Gray, 86 NY2d 10; People v James, 135 AD3d 787; People v Rudolph, 132 AD3d 912). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that there was legally sufficient direct and circumstantial evidence to establish the defendant's guilt of robbery in the first degree and robbery in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633, 644-645).
The defendant's contention that he was deprived of a fair trial by the County Court's failure to instruct the jury that his identity had to be proven beyond a reasonable doubt is unpreserved for appellate review, as he failed to object to the court's jury instructions or to request any additional instructions (see People v Perez, 77 NY2d 928). In any event, this contention is without merit. The court's charge was a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied to identification (see People v Knight, 87 NY2d 873; People v Perez, 77 NY2d 928; People v Newton, 46 NY2d 877). Moreover, when evaluated against the background of all the evidence presented, the failure to expand the charge on identification did not deprive the defendant of a fair trial (see People v Knight, 87 NY2d 873, 875; People v Crimmins, [*2]36 NY2d 230, 238).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Rosado, 134 AD3d 1133). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Rivera, 71 NY2d 705; People v Love, 57 NY2d 998; People v Hernandez, 125 AD3d 885, 886-887; People v Maxwell, 89 AD3d at 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Renaud, 137 AD3d 818, 821; People v Addison, 107 AD3d 730, 732; People v Maxwell, 89 AD3d at 1109).
MASTRO, J.P., HALL, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court