People v Ramirez (2018 NY Slip Op 06120)





People v Ramirez


2018 NY Slip Op 06120


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-03768
 (Ind. No. 2976/14)

[*1]The People of the State of New York, respondent,
v
Miguel Ramirez, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered March 3, 2016, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Webster, 153 AD3d 733, 733; People v Brown, 240 AD2d 587, 587-588). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). 
The defendant has not preserved for appellate review his contention that the prosecutor improperly elicited testimony from a detective stating that he arrested the defendant after the defendant was identified in a lineup by the complainant. However, we nevertheless review this contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; see also People v Pagan, 2 AD3d 879, 880). The detective's testimony implicitly bolstered the complainant's testimony by providing official confirmation of the complainant's identification of the defendant (see People v Trowbridge, 305 NY 471; People v Clark, 28 AD3d 785, 786; People v Fields, 309 AD2d 945). A violation of the rule against bolstering may not be overlooked except where the evidence of identity is so strong that there is no serious issue upon that point (see People v Lee, 22 AD3d 602, 602-603; People v Fields, 309 AD2d 945). Here, the evidence that the [*2]defendant committed the crime was not so overwhelming as to render the error harmless. This error was compounded by improper comments made during the People's summation regarding the complainant's identification of the defendant as the robber.
The defendant's remaining contentions are either without merit or need not be reached in light of our determination.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court