People v Holmes (2018 NY Slip Op 08954)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Holmes

2018 NY Slip Op 08954

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-00571
(Ind. No. 8968/13)

[*1]The People of the State of New York, respondent,
vTremaine Holmes, appellant.

Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Kristen A. Carroll of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Guidice, J.), rendered January 4, 2016, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial by remarks made by the prosecutor during summation is without merit. The challenged remarks either were fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110), were a fair response to defense counsel's summation (see People v Marcus, 112 AD3d 652, 653; People v Rogers, 106 AD3d 1029, 1030; People v Birot, 99 AD3d 933; People v Cox, 161 AD2d 724, 725), or do not require reversal as they were sufficiently addressed by the Supreme Court's instructions to the jury (see People v Elder, 152 AD3d 787, 789; People v Bunting, 146 AD3d 794, 795; People v Hamilton, 135 AD3d 958).
The defendant's claim that he was deprived of a fair trial by the Supreme Court's failure to give the jury an expanded identification charge is unpreserved for appellate review, as defense counsel merely requested the "generic" identification charge (see People v Campbell, 142 AD3d 623, 624; People v Perez, 77 NY2d 928). In any event, the contention is without merit. The court's charge constituted a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied to identification (see People v Knight, 87 NY2d 873; People v Perez, 77 NY2d 928; People v Newton, 46 NY2d 877; People v Campbell, 142 AD3d at 624). "Moreover, when evaluated against the background of all the evidence presented, the failure to expand the charge on identification did not deprive the defendant of a fair trial" (People v Campbell, 142 AD3d at 624; see People v Knight, 87 NY2d at 875; People v Crimmins, 36 NY2d 230, 238).
The defendant next contends that testimony elicited from a police detective that the defendant was arrested "[a]fter the lineup was conducted" constituted impermissible bolstering. This contention is not preserved for appellate review, as defense counsel did not object to the admission of the challenged testimony (see CPL 470.05[2]; People v Locenitt, 157 AD3d 905, 907; People v Bonilla, 151 AD3d 735, 736; People v Jones, 131 AD3d 1179, 1180; People v Speaks, 124 AD3d [*2]689, 691). However, contrary to the People's assertion, the claim was not waived by defense counsel's elicitation on cross-examination of similar testimony, because defense counsel was not the first to elicit the challenged testimony and did not base any of his summation comments on the detective's testimony regarding the lineup (cf. People v Bonilla, 151 AD3d at 736; People v Bryan, 50 AD3d 1049, 1050-1051). Under the circumstances, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Lee, 22 AD3d 602, 602-603).
We conclude that the detective's testimony that the defendant was arrested "[a]fter the lineup was conducted" could have led the jury to believe that the police were induced to take action as a result of the lineup identification, and therefore constituted improper implicit bolstering of the witness's identification testimony (see People v Holt, 67 NY2d 819, 821; People v Jones, 131 AD3d 1179, 1180; People v Rankins, 81 AD3d 857, 858; People v Nesbitt, 77 AD3d 854, 855; People v Clark, 28 AD3d 785, 786; People v Lee, 22 AD3d at 602-603; People v Samuels, 22 AD3d 507, 509; People v Fields, 309 AD2d 945, 945-946; see generally People v Trowbridge, 305 NY 471).
The People nevertheless maintain that this error was harmless in the context of this case. "Harmless error analysis proceeds in two stages" (People v Johnson, 57 NY2d 969, 970). First, "unless the proof of the defendant's guilt, without reference to the error, is overwhelming, there is no occasion for consideration of any doctrine of harmless error" (People v Crimmins, 36 NY2d at 241). Second, for a nonconstitutional error to be harmless the appellate court must conclude "that there is [no] significant probability . . . in the particular case that the jury would have acquitted the defendant had it not been for the error or errors which occurred" (id. at 242; see People v Johnson, 57 NY2d at 970).
In analyzing the effect of a bolstering error, the Court of Appeals has stated that "[t]he standard of harmlessness in a Trowbridge error case is whether the evidence of identity is so strong that there is no substantial issue on the point'" (People v Mobley, 56 NY2d 584, 585, quoting People v Malloy, 22 NY2d 559, 567). In the context of a case involving an identification by a single witness, the Court of Appeals has concluded that a bolstering error was harmless in light of, among other things, the "unusually credit-worthy" nature of the witness's identification (People v Johnson, 57 NY2d at 970).
Here, although the only direct evidence connecting the defendant to the commission of the crimes charged was the identification testimony of a single witness, the evidence of the defendant's guilt, without reference to the error, was overwhelming (see id. at 970-971). The record demonstrates that the witness watched as the defendant approached the witness in a well-lit area and that the defendant's face was not obstructed in any way. The witness testified that he recognized the defendant at the time of the shooting because the witness had seen the defendant around the neighborhood on prior occasions. Furthermore, although the physical evidence recovered from the crime scene did not link the defendant to the crime, it was nevertheless consistent with the witness's account of the shooting. Under the circumstances, the testimony of the witness identifying the defendant was "unusually credit-worthy" (id. at 970), such that it may be said that there was "no substantial issue on the point" (People v Malloy, 22 NY2d at 567; see People v Johnson, 57 NY2d at 970-971; see also People v Mobley, 56 NY2d at 585-586). Furthermore, the strength of the witness's identification testimony and the fleeting nature of the improper testimony precluded any significant probability that the jury would have acquitted the defendant had it not been for the improper bolstering (see People v Johnson, 57 NY2d at 971; People v Stanley, 185 AD2d 827; People v Bryan, 179 AD2d 667; People v Jenkins, 133 AD2d 279). Accordingly, the People's impermissible bolstering of the identification testimony was harmless in the context of this case.
The defendant's contention that he was denied the effective assistance of counsel is based, in part, on matter dehors the record, and thus constitutes a "mixed claim" of ineffective assistance of counsel (People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Hili, 158 AD3d 647, 648). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL [*3]440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Crosby, 133 AD3d 681, 682; People v Williams, 120 AD3d 721, 724; People v Addison, 107 AD3d 730, 732; People v Freeman, 93 AD3d 805, 806).
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court