THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BALDELLI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 22, 1988, convicting him of robbery in the first degree, burglary in the first degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

In the early morning hours of July 25, 1987, the complainant was awakened by the sound of someone in his bedroom. He was confronted by a knife-wielding assailant who, after threatening the complainant, left the premises. Several days later, the complainant was able to describe his assailant to the police, but indicated that the assailant was a stranger. On August 8, 1987, the complainant and his wife, who was away the day the incident occurred, saw the defendant, their former neighbor, on the street, and the complainant identified him as the perpetrator. The defendant was arrested the next day.

At trial, the complainant's wife was permitted to testify, over objection, as to the circumstances surrounding the August 8th observation, though she was not permitted to testify as to anything her husband said. She was also permitted to

testify that on August 9th, she saw the defendant in front of her house, and that her telephone call led to the defendant's arrest. Her alleged knowledge of the identity of the defendant as the perpetrator could only have come from her husband since she was not present during the incident. This testimony inferentially bolstered the complainant's identification, and thus should not have been permitted (see, People v Holt, 67 NY2d 819; People v Faison, 126 AD2d 739; People v Vasquez, 120 AD2d 757). The prejudice occasioned by this testimony was exacerbated by the arresting officer's testimony, albeit unobjected to, that the complainant's wife gave him a description of the perpetrator and that, based upon this description, he arrested the defendant (see, People v Holt, supra).

Contrary to the People's assertion on appeal, these errors cannot be considered harmless. The only evidence against the defendant was the eyewitness testimony of the complainant, who viewed the perpetrator very briefly and under less than ideal conditions. Remarkably, the complainant never indicated that he recognized his assailant, although the defendant was previously known to the complainant. Under the facts of this case, these bolstering errors cannot be considered harmless (see, People v Johnson, 57 NY2d 969). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.