■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CHEEK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered April 18, 1988, convicting him of robbery in the first degree (two counts) and intimidating a witness in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

On appeal, the defendant contends, inter alia, that he was

deprived of a fair trial when the court allowed the complainant to testify as to the substance of the complainant's report of the robbery to a police officer. The admission of evidence of this prior consistent statement impermissibly bolstered the complainant's earlier account of the events, since there had been no impeachment of the complainant with that statement and no charge had been made of a recent fabrication. A review of the trial minutes discloses, however, that any issue of law with respect to this specific claim of error is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, although the admission of this testimony was error (see, *People v Jimenez*, 102 AD2d 439, 443), we find it harmless, in light of the overwhelming evidence of the defendant's guilt and our conclusion that there was no significant probability that the court would have acquitted the defendant if the testimony had been excluded (see, *People v Crimmins*, 36 NY2d 230).

We have examined the defendant's remaining contentions and find them unpreserved for appellate review (see, CPL 470.05 [2]; *see also, People v Glass*, 43 NY2d 283, 286). Thompson, J. P., Eiber, Rosenblatt and Miller, JJ., concur.