■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY W. ROGERS, Appellant. [598 NYS2d 295] —Appeal by the

defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered June 20, 1986, convicting him of robbery in the first degree (five counts), robbery in the second degree (three counts), burglary in the first degree (four counts), grand larceny in the third degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the court erred in admitting into evidence certain items seized from his house during a police search. We disagree. The police executed a search warrant, permitting the officers to search for any evidence or proceeds of a robbery. Some of the items seized were specifically enumerated in the search warrant, and the remaining seized items were lawfully recovered by the police pursuant to the "plain view" doctrine *(see, People v Basilicato,* 64 NY2d 103, 115; *People v McCullars,* 174 AD2d 118, 122).

The defendant additionally contends that the court erred in admitting into evidence an accomplice's statement made to the police, just after her arrest, on the ground that the statement impermissibly bolstered the accomplice's trial testimony. We find that the admission into evidence of this statement was error. The theory of the defense was that the accomplice's motive for testifying against the defendant "was precisely the same at the time of arrest as it was at the time of trial" *(People v McClean,* 69 NY2d 426, 430). Consequently, the prior consistent statement of the accomplice was not made prior to the alleged motive to fabricate, and the prior statement was not admissible for the purpose of rehabilitating the accomplice's credibility. Nevertheless, in light of the other overwhelming evidence of the defendant's guilt, we find that there is no significant probability that the court would have acquitted the defendant had the accomplice's statement been excluded *(see, People v Crimmins,* 36 NY2d 230; *People v Cheek,* 163 AD2d 580).

Contrary to the defendant's further contention, the evidence adduced by the People to corroborate the accomplice testimony was sufficient "to connect the defendant to the crime [in such a way] as to reasonably satisfy the [trier-of-fact] that the accomplice [was] telling the truth" *(People v Glasper,* 52 NY2d

970, 971; *People v Johnson,* 188 AD2d 552). Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.