■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY L. WILENS, Appellant. [603 NYS2d 585] —Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered December 23, 1987, convicting him of sodomy in the first degree and incest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the cross-examination of the five-year-old victim, the defendant asked that a videotape of the unsworn Grand Jury testimony of the victim be shown to the jury, and his request was granted. Upon cross-examination, the child repudiated a portion of that testimony. The defendant implied that the victim was merely testifying to what she thought the Assistant District Attorney wanted her to. Upon rebuttal, over the defendant's objection, the People were permitted to call a social worker to give testimony regarding the victim's statements made prior to her Grand Jury testimony. On appeal, the defendant contends that the social worker's testimony improperly bolstered that of the victim.

"If upon cross-examination a witness' testimony is assailed —either directly or inferentially—as a recent fabrication, the witness may be rehabilitated with prior consistent statements that predated the motive to falsify" *(People v McDaniel,* 81 NY2d 10, 18; *see, People v McClean,* 69 NY2d 426). Clearly, the defendant sought to have the jury infer that the victim's testimony was the product of the Assistant District Attorney's influence. Thus, the social worker's testimony regarding state-

ments which predated the influencing factor was properly admitted.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.