■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GURDIP SINGH, Appellant. [714 NYS2d 104] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 15, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt. Three eyewitnesses testified at trial that, while the defendant's friend engaged the victim in a fistfight, the defendant retrieved a gun from a van across the street and fired one shot into the air, shattering the window of a room full of people. He then shot the victim once in the thigh at close range as the victim lay on the ground. Thereafter, when the defendant was being restrained, he struggled to free himself and stated that he wished to fire another shot. This evidence established that "[u]nder circumstances evincing a depraved indifference to human life, [the defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 125.25 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court erred in admitting into evidence prior consistent statements made by the People's witnesses to the police regarding their identification of the defendant as the shooter. While prior consistent statements are admissible to rehabilitate a witness whose testimony has been attacked as a recent fabrication (*see, People v McDaniel,* 81 NY2d 10; *People v Davis,* 44 NY2d 269), the prior consistent statements at issue were elicited by the prosecutor on his direct examination of these witnesses, making any rehabilitation premature (*see, People v McDaniel, supra*). Moreover, the theory of the defense was that the witnesses' motive to fabricate arose before the prior consistent statements were made (*see, People v Davis, supra*; *People v Rogers,* 193 AD2d 822). However, in light of the overwhelming evidence of the defendant's guilt presented at the trial, the error in the admission of the prior consistent statements was harmless (*see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.