■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WALSH, Appellant. [735 NYS2d 586] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered August 3, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 5, 1989, the defendant threw a "Molotov cocktail" through the window of a bar. The "Molotov cocktail" landed and exploded under the bar stool of the defendant's brother, Billy Walsh. Billy Walsh died several days later from his injuries.

During the direct and redirect examination of Alfred Froland, the Supreme Court admitted into evidence certain prior consistent statements that he made concerning his identification of the defendant. The Supreme Court also admitted into evidence, under the excited utterance exception to the hearsay rule, Judy Ann Smith's testimony on direct examination that she heard some of the bar patrons near the window scream,

"How could he do this * * * [H]ow could his own flesh and blood do this * * * [H]ow could [the defendant] do this." Further, the Supreme Court admitted certain prior consistent statements that Smith made concerning the statements of bar patrons during her redirect examination.

The defendant's contention that the Supreme Court erred in admitting into evidence the prior consistent statements of Froland and Smith is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, the Supreme Court correctly admitted those prior consistent statements on redirect examination, since the defense counsel inferentially assailed the testimony of those witnesses as a recent fabrication on cross-examination (*see, People v McDaniel,* 81 NY2d 10, 18; *People v Wilens,* 198 AD2d 463). Although the Supreme Court erred in admitting Froland's prior consistent statement on direct examination (*see, People v McDaniel, supra*; *People v Singh,* 276 AD2d 503), the error was harmless in light of the overwhelming evidence of the defendant's guilt. There is no significant probability that the defendant would have been acquitted but for this statement (*see, People v Crimmins,* 36 NY2d 230; *People v Bailey,* 272 AD2d 621).

Moreover, the Supreme Court properly admitted Smith's testimony concerning the statements made by bar patrons under the excited utterance exception to the hearsay rule (*see, People v Fratello,* 92 NY2d 565, *cert denied* 526 US 1068; *People v Caviness,* 38 NY2d 227). The evidence demonstrated that the bar patrons witnessed the defendant throw the "Molotov cocktail" into the bar, and that their statements were made under the stress or influence of excitement caused by the event. O'Brien, J. P., Santucci, H. Miller and Cozier, JJ., concur.