■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WILSON, Appellant. [744 NYS2d 692] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered September 28, 1999, convicting him of assault in the first degree and criminal possession of a

weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the admission of testimony from the complainant's daughter, the detective who interviewed the daughter, and the investigating detective constituted improper bolstering is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the admission of the challenged testimony did not constitute reversible error (*see People v Holt,* 67 NY2d 819; *People v Johnson,* 57 NY2d 969).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Altman, J.P., McGinity and Townes, JJ., concur.

Crane, J., dissents in part and votes to reverse the judgment and remit the matter for a new trial in the following memorandum: To preserve a claim of error on the ground of improper bolstering (*see People v Buie,* 86 NY2d 501, 510; *People v McDaniel,* 81 NY2d 10, 16), the defendant must explicitly state that the basis of his objection is that the testimony constitutes improper bolstering (*see People v Love,* 57 NY2d 1023, 1025; *People v West,* 56 NY2d 662, 663). I agree with the majority that the defendant did not preserve for appellate review his contention that the admission of the complainant's prior consistent statements through the testimony of the complainant's daughter, the detective who interviewed the daughter, and the investigating detective, constituted improper bolstering. Defense counsel did not object to the testimony on this particular ground (*see* CPL 470.05 [2]; *People v West, supra* at 663; *People v Anderson,* 260 AD2d 387, 388; *People v Foster,* 143 AD2d 767, 768). Nevertheless, I would reach this issue in the interest of justice based upon the overwhelming amount of hearsay testimony permitted at this trial (*see* CPL 470.15 [6] [a]).

While prior consistent statements are admissible as an exception to the hearsay rule to rehabilitate a witness whose testimony has been attacked as a recent fabrication (*see People v Buie, supra* at 510; *People v McDaniel, supra* at 18; *People v Singh,* 276 AD2d 503), the prior consistent statements were elicited in this case by the prosecutor on direct examination of these witnesses. This inadmissible hearsay evidence served to bolster the complainant's latest version of how she suffered her chest wound. The complainant's prior version of the events did not inculpate the defendant. There was no rehabilitative purpose for eliciting these statements and, as such, they should have been excluded (*see People v Singh, supra*).

Moreover, I cannot conclude that there is no significant probability that the jury would have acquitted the defendant had the errors not occurred (*see People v Johnson,* 57 NY2d 969, 970). Thus, the errors were not harmless (*see People v Baldelli,* 152 AD2d 741, 742; *cf. People v Crimmins,* 36 NY2d 230; *People v Nicholson,* 168 AD2d 574). Accordingly, though unpreserved by defense counsel's general objections at trial, I would reach the merits of the defendant's bolstering argument in the interest of justice, reverse the conviction, and order a new trial (*see People v Baldelli, supra* at 742).