■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDY MALLOY, Appellant. [782 NYS2d 779]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered November 17, 2000, convicting her of assault in the first degree, robbery in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court gave an improper missing witness charge is unpreserved for appellate review. In any event, contrary to the defendant's contention, the Supreme Court's missing witness instruction to the jury did not improperly shift the burden of proof to the defense (*cf. People v Paylor*, 70 NY2d 146 [1987]; *People v Campbell*, 148 AD2d 743 [1989]).

We find no error in the Supreme Court's *Sandoval* (*see People v Sandoval*, 34 NY2d 371 [1974]) ruling that the prosecution could cross-examine the defendant as to whether she assaulted the complainant five years before the subject incident, since it is clear from the record that the Supreme Court properly weighed the prejudicial effect of the admission of the defendant's prior bad act for impeachment purposes against its probative value on the issue of credibility.

However, the Supreme Court erred in admitting into evidence prior consistent statements made by the complainant to the police regarding her identification of the defendant as the assailant (*see People v Singh*, 276 AD2d 503 [2000]). Nevertheless, in light of the overwhelming evidence of guilt, the error involving the People's improper bolstering was harmless (*see People v Singh, supra; cf. People v Fields*, 309 AD2d 945 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.