■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PARHAM, Appellant. [904 NYS2d 144]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered June 9, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, his statements to law enforcement officials, and physical evidence.

Ordered that the judgment is affirmed.

The hearing court correctly determined that the defendant was lawfully arrested after his sister consented to the entry of detectives into her home, where the defendant was apprehended after he was discovered hiding under a bed (*see Payton v New York*, 445 US 573 [1980]; *People v Reynoso*, 309 AD2d 769, 770 [2003], *affd* 2 NY3d 820, 821 [2004]).

The defendant's contentions that a photo array shown by a detective to a witness and lineups conducted by the detective were impermissibly suggestive are without merit (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Howard*, 50 AD3d 823 [2008]; *People v McFadden*, 36 AD3d 631 [2007]; *People v Sumpter*, 27 AD3d 590 [2006]; *People v Ragunauth*, 24 AD3d 472 [2005]). The defendant's contention with respect to the identification made by one of the deceased victim's children impermissibly relies on trial testimony, and the defendant did not move to reopen the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]; *People v Abrew*, 95 NY2d 806, 808 [2000]; *People v Nunez*, 55 AD3d 756, 757 [2008]; *People v Maxis*, 50 AD3d 922, 923 [2008]).

The hearing court correctly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence (*see People v McNeil*, 47 AD3d 647 [2008]; *People v Holland*, 268 AD2d 536, 537 [2000]; *People v Baker*, 208 AD2d 758, 759 [1994]). The defendant's contentions with respect to whether certain identification testimony was confirmatory in nature is without merit (*see People v Rodriguez*, 79 NY2d 445, 449-451 [1992]; *People v Kelly*, 67 AD3d 706, 707 [2009]).

The trial court did not err in precluding the testimony of a defense witness whose only purpose was to impeach the credibility of a prosecution witness on collateral matters (*see People v Aska*, 91 NY2d 979 [1998]; *People v Fortune*, 70 AD3d 964 [2010]; *People v Fowler*, 61 AD3d 698 [2009]; *People v Alexander*, 16 AD3d 515 [2005]).

The trial court's delivery of a prompt curative instruction regarding improper comments made by a prosecution witness, a former assistant district attorney, was sufficient to protect the defendant's rights, and the trial court providently exercised its discretion in denying the defendant's motion for a mistrial on the ground that the testimony served to vouch for the credibility of a witness who testified for the prosecution (*see People v Smith*, 23 AD3d 415 [2005]; *People v Straker*, 301 AD2d 667 [2003]). In any event, any error with respect to the testimony was harmless, as the proof of the defendant's guilt, without reference to the error, was overwhelming, and there was no significant probability that the jury would have acquitted the defendant had it not been for the admission of the testimony (*see People v Gillyard*, 13 NY3d 351 [2009]; *People v Crimmins*, 36 NY2d 230 [1975]; *People v Malloy*, 11 AD3d 484, 485 [2004]; *see also People v James*, 162 AD2d 618, 619 [1990]). The trial court also properly denied the defendant's motion for a mistrial on

double jeopardy grounds (*see People v Catten*, 69 NY2d 547, 553-555 [1987]; *People v Sonds*, 287 AD2d 319, 320 [2001]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 290.10, 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's contentions with respect to the testimony of a witness who refuted the defendant's alibi, and the prosecutor's summation comments with respect to that testimony, are unpreserved for appellate review and, in any event, are without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.