THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN JOHNSON, Appellant. [932 NYS2d 356]—

The hearing court properly found that the defendant's statements to law enforcement officials followed a lawful arrest based

upon probable cause (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113-114 [1996]; *People v Jackson*, 65 AD3d 1164 [2009]). Contrary to the defendant's contention, nothing in the photographic array which led to the complainant's identification of the defendant impermissibly drew the viewer's attention to his photograph (*see People v Parham*, 74 AD3d 1237, 1238 [2010]; *People v Avent*, 29 AD3d 601 [2006]; *People v Price*, 256 AD2d 596, 597 [1998]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt of burglary in the second degree beyond a reasonable doubt (*see People v Hammon*, 47 AD3d 644, 644-645 [2008]; *People v Washington*, 26 AD3d 400 [2006]; *People v Murray*, 168 AD2d 573, 573-574 [1990]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, we also find that counsel provided the defendant with meaningful representation at the pretrial hearing and at sentencing (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Larkins*, 10 AD3d 694 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.