Roberto **CORREA** a/k/a Suriel Esteban, Petitioner,

v.

George **DUNCAN**, Superintendent, Great Meadow Correctional Facility, Respondent.

No. 00–CV–3745 (FB).

United States District Court, E.D. New York.

Nov. 8, 2001.

Roberto Correa, Comstock, NY, Pro Se.

Charles J. Hynes, District Attorney, Kings County by Phyllis Mintz, Assistant District Attorney, Brooklyn, NY, for the Respondent.

### MEMORANDUM AND ORDER

BLOCK, District Judge.

*Pro se* petitioner, Roberto Correa ("Correa") seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254, alleging that (1) his conviction was unsupported by legally sufficient evidence; (2) the prosecutor violated his right to due process by making prejudicial remarks during summation, and the trial court improperly admitted evidence of his gang membership; (3) the trial court improperly permitted testimony regarding the results of an unreliable scientific test; (4) the verdict was against the weight of the evidence; (5) the trial court improperly denied his request for a missing witness charge; and (6) his lineup identification was impermissibly suggestive. Having been found guilty of murder in the second degree by a jury in New York Supreme Court, Kings County, Correa is currently serving a sentence of twenty years to life imprisonment.

The underlying facts and circumstances of Correa's claims regarding the prejudicial remarks during summation, the gang membership, and the unreliable scientific evidence, are the same as those of Correa's co-defendant, Hector Gonzalez ("Gonzalez"). As pertains to Gonzalez, the Court addressed those issues in a Memorandum and Order dated June 22, 2001 denying Gonzalez's § 2254 *habeas corpus* petition. *See Gonzalez v. Duncan*, 00 CV 1857 (E.D.N.Y. June 22, 2001) (Block, J.) ("Gonzalez Memorandum"). The Court refers to and adopts the reasoning set forth therein, in denying these same claims as raised by Correa.

■ With regards to the sufficiency of the evidence, both Gonzalez and Correa failed to preserve this argument for appellate review. *See People v. Correa*, 265 A.D.2d 338, 696 N.Y.S.2d 198 (2d Dep't 1999); *People v. Gonzalez*, 265 A.D.2d 341, 696 N.Y.S.2d 696 (2d Dep't 1999). Because the Appellate Division relied on an adequate and independent state ground for denying the claim, the Court rejected Gonzalez's claim as procedurally barred. *See* Gonzalez Memorandum at 2–4. For the same reason, Correa's sufficiency claim is also procedurally barred.

· For the reasons set forth below, Correa's remaining three claims are also denied.

## BACKGROUND

The Court accepts the factual and procedural history set forth in respondent's affidavit in opposition to the petition, and the government's brief on direct appeal. *See* Aff. in Opp. to Pet. for *Habeas Corpus,* at 2–6; Br. for Resp't, at 3–29.

## DISCUSSION

### I. Weight of Evidence

■■■■■ Correa argues that the guilty verdict was against the weight of the evidence. This claim is distinct from an attack on a verdict based on the legal sufficiency of the evidence. A "weight of the evidence" argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Fourteenth Amendment requires record evidence to reasonably support a finding of guilt beyond a reasonable doubt); *See People v. Bleakley,* 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672 (1987) (weight of the evidence is based on court's factual review power; sufficiency of evidence claim based on the law). Accordingly, the Court is precluded from considering the claim. *See* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) (*habeas corpus* review is not available where there is simply an alleged error of state law).

### II. Missing Witness Charge

In its opening statement, the government promised to call four witnesses who would identify Correa as one of the killers. Three of the four were never called. Correa requested a jury charge that would allow the jury to draw an unfavorable inference from the government's failure to keep its promise. The trial court denied the request on the ground that the witnesses' testimony was cumulative.

■■■■ To prevail on an erroneous jury charge claim, "the [*habeas* ] petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Blazic v. Henderson,* 900 F.2d 534, 540 (2d Cir.1990); *see Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Davis v. Strack,* 270 F.3d 111, 122–23 (2nd Cir.2001). In this regard, a petitioner must show that it was not "merely ... undesirable, erroneous, or even universally condemned, but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Davis,* 270 F.3d at 122–23 (quoting *Cupp,* 414 U.S. at 146, 94 S.Ct. 396). The question, therefore, is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* "Due process does not require the giving of a jury instruction when such charge is not supported by the evidence." *Blazic,* 900 F.2d at 541. Furthermore, where the alleged error is one of omission, it "is less likely to be prejudicial than a misstatement of the law," and thus, the petitioner's "burden is especially heavy." *Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).

■■■■ Determining that a petitioner was entitled to a particular instruction "under state law is the first step in determin[ing] whether that error violated the

petitioner's federal due process rights." *Id.* at 123–24. In order to obtain a missing witness charge under New York state law, the party seeking the charge must make a *prima facie* showing that "the uncalled witness is knowledgeable about a material issue upon which the evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party." *People v. Gonzalez,* 68 N.Y.2d 424, 509 N.Y.S.2d 796, 799, 502 N.E.2d 583 (1986); *see People v. Kitching,* 78 N.Y.2d 532, 577 N.Y.S.2d 231, 233, 583 N.E.2d 944 (1991). Furthermore, "[w]hether a missing witness charge should be given lies in the sound discretion of the trial court." *Reid v. Senkowski,* 961 F.2d 374, 377 (2d Cir.1992) (internal quotation marks and citation omitted).

The trial court made the factual determination that the testimony of the witnesses allegedly missing from Correa's trial was cumulative; therefore, the charge was not warranted. For the purposes of federal *habeas* review, "a determination of a factual issue made by a state court shall be presumed to be correct," unless rebutted by clear and convincing evidence. *Morris v. Reynolds,* 264 F.3d 38, 47 (2d Cir.2001) (quoting 28 U.S.C. § 2254(e)(1)). Since Correa has not rebutted this presumption, his claim must fail. *See* 28 U.S.C. § 2254(e)(1) (burden is on applicant to rebut presumption).

### III. Suggestive Lineup Claim

 An applicant seeking leave to appeal to the Court of Appeals from an order of an intermediate appellate court should, in addition to including a copy of the briefs submitted in the lower appellate court, "identify the issues on which the [leave] application is based." 22 N.Y.C.R.R. § 500.10(a). Where an applicant submits a letter to the Court of Appeals that specifies only certain issues for review, any remaining claims in the original appellate brief are deemed abandoned. *See Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir.1991) ("The fair import of petitioner's submission to the Court of Appeals, consisting of his brief to the Appellate Division that raised three claims and a letter to the Court of Appeals arguing only one of them, was that the other two had been abandoned."). Such claims are unexhausted because of the petitioner's failure to present them to the Court of Appeals. *Id; see also Aparicio v. Artuz,* 269 F.3d 78, 89 (2d Cir.2001). Correa's lineup claim has not been exhausted because he did not raise it with the state's highest court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 839–40, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("[A] state prisoner must present his claims to a state['s highest] court in a petition for discretionary review in order to satisfy the exhaustion requirement.").

 However, "for exhaustion purposes, 'a federal *habeas* court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Id.* at 120 (quoting *Harris v. Reed,* 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)); *see Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). New York procedural rules bar Ruiz from raising this claim before the Court of Appeals at this late date because "he has already made the one request for leave to appeal to which he is entitled." *Grey,* 933 F.2d at 120 (citing N.Y. Court Rules § 500.10(a)). Furthermore, collateral review would be barred because this issue was previously addressed on direct appeal. *Id.* (citing N.Y.C.P.L. § 440.10(2)(a)); *see Bossett v. Walker,* 41 F.3d 825, 829 (2d Cir.1994). Therefore, *habeas* review of this unexhausted but procedurally defaulted claim is barred "unless the prisoner can demon-

strate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Aparicio*, 269 F.3d at 90. Correa has made no such showing.

■■■ In any event, the claim is meritless. Correa contends that the line-up in which he was identified was unduly suggestive because none of the eyewitnesses had given specific detailed descriptions of his physical characteristics prior to the lineup, and he was the only participant with facial bruises. "A lineup is unduly suggestive as to a given defendant if he meets the description of the perpetrator previously given by the witness and the other lineup participants obviously do not." *Raheem v. Kelly*, 257 F.3d 122, 134 (2d Cir.2001). The trial court found that the line-up was not conducted in a suggestive manner, and the Appellate Division agreed. Seventeen people attempted to identify Correa from the lineup—seven were able to and ten were not; clearly, the process was not unduly suggestive. Furthermore, any variances in height were found to be diminished by the fact that the line-up participants were seated. Once again, unless Correa proves otherwise by clear and convincing evidence, a federal *habeas* court must presume a state courts finding of fact to be correct. *See* 28 U.S.C. § 2254(e)(1). Having made no such showing, Correa's claim must fail.

## CONCLUSION

Correa's *habeas corpus* petition is denied. A certificate of appealability will not be issued because Correa has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**