■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DYVON MCKINNON, Appellant. [788 NYS2d 766]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 3, 2002. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (three counts), sexual abuse in the first degree (four counts) and endangering the welfare of a child (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of three counts each of sodomy in the first degree (Penal Law former § 130.50 [1], [4]) and endangering the welfare of a child (§ 260.10 [1]), and four counts of sexual abuse in the first degree (§ 130.65 [1]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant has preserved his contention for our review only with respect to the sodomy counts (see *People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, we conclude that defendant's contention lacks merit (see generally *People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented the testimony of the victims establishing each element of the crimes charged, and the victims identified defendant as the perpetrator. Also contrary to defendant's contention, the verdict is not against the weight of the evidence (see generally *id.*). Great deference is accorded to the jury's resolution of credibility issues (see *People v Gritzke*, 292 AD2d 805 [2002], *lv denied* 98 NY2d 697 [2002]), and it cannot be said herein that the jury failed to give the evidence the weight it should be accorded (see generally *Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that County Court erred in denying his motion to sever counts 1 through 7

from counts 8 through 14 of the indictment. Counts 1 through 7 involved an attack on two victims on August 27, 2000, while counts 8 through 14 involved an attack on a victim that occurred on March 10, 2001. "There was no substantial difference in the quantum of proof presented with respect to the separate sexual assaults, and defendant made no claim that he had important testimony to offer [regarding the attack on August 27, 2000] but had [a] genuine need to refrain from testifying regarding the [attack on March 10, 2001] . . . . The assertion that the trier of fact . . . would be unable to consider separately the evidence pertaining to each [attack] was purely speculative" (*People v McDougald*, 155 AD2d 867, 867 [1989], *lv denied* 75 NY2d 870 [1990]; *see People v Capozzi*, 152 AD2d 985, 986 [1989]). Additionally, we note that "the possibility of prejudice was limited by the court's curative instruction" (*People v Mazzu*, 134 AD2d 890, 891 [1987], *lv denied* 70 NY2d 1008 [1988]). "Trial courts must be afforded reasonable latitude in exercising discretion in [severance] matters and in doing so, must weigh the public interest in avoiding duplicative, lengthy and costly trials against defendant's right to a fair trial free of undue prejudice" (*People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991], citing *People v Lane*, 56 NY2d 1 [1982]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.