■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKILI EL MACHIAH, Appellant. [875 NYS2d 803]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 8, 2005, convicting him of arson in the third degree and attempted assault in the second degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Edward C. Bruno is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Thomas T. Keating, 6 Chester Avenue, White Plains, N.Y., 10601, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist including, but not limited to, whether certain aspects of the testimony of Lieutenant Wiseman regarding his opinion that the subject fire was incendiary invaded the jury's exclusive province of determining an ultimate fact in the case (*see People v Smith,* 289 AD2d 597 [2001]; *People v Goldberg,* 215 AD2d 402 [1995]; *People v Abreu,* 114 AD2d 853 [1985]). Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633, 638 [2001]; *People v Vasquez,* 70 NY2d 1 [1987]). Prudenti, P.J., Skelos, Dillon and Eng, JJ., concur.