■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. HARRINGTON, Appellant. [889 NYS2d 778]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered January 18, 2007. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a

child in the first degree (Penal Law § 130.75 [1] [a]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence by failing to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Contrary to the implicit contention of defendant, he did not preserve his challenge for our review by his post-trial motion pursuant to CPL 330.30 (*see People v Mills*, 28 AD3d 1156, 1157 [2006], *lv denied* 7 NY3d 903 [2006]). In any event, defendant's challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "Great deference is accorded to the jury's resolution of credibility issues . . . , and it cannot be said herein that the jury failed to give the evidence the weight it should be accorded" (*People v McKinnon*, 15 AD3d 842, 842 [2005], *lv denied* 4 NY3d 888 [2005]).

Defendant also failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see People v Cox*, 21 AD3d 1361, 1363-1364 [2005], *lv denied* 6 NY3d 753 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of the case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.