# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**613**

**KA 09-02049**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MELVIN BOGAR, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MELVIN BOGAR, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 23, 2006. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (four counts), course of sexual conduct against a child in the second degree (two counts), course of sexual conduct against a child in the first degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and course of sexual conduct against a child in the first degree (§ 130.75 [1] [a]). The conviction arises out of defendant's sexual abuse of three sisters and two of their friends, who were also sisters, ranging in age from 9 to 15 years old. We reject defendant's contention that County Court erred in allowing a police detective to testify that a videotape recorded by defendant depicted some illegal conduct. Although as a general rule a witness should not be permitted to testify with respect to his or her opinion regarding an issue that is within the jury's exclusive province as the ultimate finder of fact (*see generally People v Machiah*, 60 AD3d 1081; *People v Jones*, 51 AD3d 690, 692), defendant opened the door to the challenged testimony on his recross-examination of the detective. Further, " 'the court provided the jury with appropriate limiting instructions immediately after the challenged testimony was elicited,' thus minimizing any potential prejudice to defendant" (*People v Bassett*, 55 AD3d 1434, 1436, *lv denied* 11 NY3d 922; *see People v Johnson*, 45 AD3d 606, *lv denied* 9 NY3d 1035). In any event, any such error is harmless inasmuch as the

evidence of defendant's guilt was overwhelming and there was no significant probability that he would have been acquitted but for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant further contends that the court erred in allowing the People to bolster the testimony of the victims through the testimony of certain witnesses with respect to the victims' out-of-court statements regarding the abuse. Defendant failed to object to several of the challenged statements and thus failed to preserve for our review his contention with respect to them (*see People v Comerford*, 70 AD3d 1305), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the remaining statements fell within recognized exceptions to the rule against hearsay and thus did not constitute improper bolstering (*see Comerford*, 70 AD3d 1305; *see generally People v Buie*, 86 NY2d 501, 510; *People v Stevens*, 57 AD3d 1515, *lv denied* 12 NY3d 822). We reject defendant's contention that the court erred in denying his motion to sever the counts of the indictment involving one set of sisters from the counts involving the other set of sisters. " 'Trial courts must be afforded reasonable latitude in exercising discretion in [severance] matters and[,] in doing so, must weigh the public interest in avoiding duplicative, lengthy and costly trials against defendant's right to a fair trial free of undue prejudice' " (*People v McKinnon*, 15 AD3d 842, 843, *lv denied* 4 NY3d 888). We perceive no abuse of the court's discretion in this case (*see People v Scott*, 32 AD3d 1178, *lv denied* 8 NY3d 884; *People v Daymon*, 239 AD2d 907, *lv denied* 94 NY2d 821).

Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, although defendant was 75 years old when he was sentenced and had no prior sexual offenses on his record, we conclude that the aggregate sentence of 25 years in prison is not unduly harsh or severe in light of the depravity of defendant's conduct and his refusal to accept responsibility.

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court