■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE WORTHY, Appellant. [934 NYS2d 894]—

Memorandum: Defendant appeals from a judgment convicting her, following a jury trial, of assault in the first degree (Penal Law § 120.10 [1]). The victim was at a convenience store with a friend when defendant and a passenger drove into the parking lot of the store. When the victim attempted to stop the fight that occurred between her friend and the passenger, defendant ran over the victim with defendant's car, put the car in reverse and ran her over again. Defendant attempted to run over the victim a third time, but two other vehicles blocked defendant's path. The victim sustained a fractured left ankle and a fractured left hip, among other injuries.

Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that County Court erred in allowing a police officer to testify that the victim suffered a serious physi-

cal injury, which is a material element of assault in the first degree (see Penal Law § 120.10 [1]). We reject that contention because the officer's testimony did not invade "the jury's exclusive province as the ultimate finder of fact" (*People v Bogar*, 84 AD3d 1750, 1750 [2011], *lv denied* 17 NY3d 813 [2011]). Even assuming, arguendo, that the court erred in allowing that testimony in evidence, we conclude that the error is harmless because the evidence of defendant's guilt was overwhelming and there was no significant probability that she would have been acquitted but for the error (see id. at 1751; see generally *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.