# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1314

KA 09-02624

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

JACQUELINE WORTHY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL C. WALSH OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 3, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, following a jury trial, of assault in the first degree (Penal Law § 120.10 [1]). The victim was at a convenience store with a friend when defendant and a passenger drove into the parking lot of the store. When the victim attempted to stop the fight that occurred between her friend and the passenger, defendant ran over the victim with defendant's car, put the car in reverse and ran her over again. Defendant attempted to run over the victim a third time, but two other vehicles blocked defendant's path. The victim sustained a fractured left ankle and a fractured left hip, among other injuries.

Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that County Court erred in allowing a police officer to testify that the victim suffered a serious physical injury, which is a material element of assault in the first degree (*see* Penal Law § 120.10 [1]). We reject that contention because the officer's testimony did not invade "the jury's exclusive province as the ultimate finder of fact" (*People v Bogar*, 84 AD3d 1750, 1750, *lv denied* 17 NY3d 813). Even assuming, arguendo, that the court erred in

allowing that testimony in evidence, we conclude that the error is harmless because the evidence of defendant's guilt was overwhelming and there was no significant probability that she would have been acquitted but for the error (*see id.* at 1751; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2011                  Frances E. Cafarell
                                             Clerk of the Court